UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THE NEW YORK DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS ANNUITY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND INDUSTRY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS CHARITY FUND, by their Trustees
Michael J. Forde and Paul O'Brien, and NEW
YORK CITY AND VICINITY CARPENTERS
LABOR-MANAGEMENT CORPORATION,

     Plaintiffs,

 -against-

AURASH CONSTRUCTION COMPANY INC.
d/b/a AURASH CONSTRUCTION CORP.
and PERRY ABRISHAMCHI,

     Defendants.
------------------------------------------------------------X

06 CV 6641 (PKC)

AMENDED
COMPLAINT



RECEIVED
SEP 0 5 2006
U.S.D.C. S.D.N.Y.
CASHIERS

  Plaintiffs, by their attorneys, O'DWYER & BERNSTIEN, LLP complaining of defendants, allege the following:

### Nature of Action

  1. This is an action arising under the Employees Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Section 1001, *et seq.*, and the Labor Management Relations Action of 1947 ("LMRA"), 29 U.S.C. Section 152, *et seq.*, to compel defendant AURASH CONSTRUCTION COMPANY INC. d/b/a AURASH CONSTRUCTION CORP. (referred to herein as "AURASH") to make

1

contributions to Plaintiffs, employee benefit funds, on behalf of its employees in accordance with applicable law, collective bargaining agreements and trust instruments. This action also arises pursuant to common law, to recover money damages by reason of fraud with respect to defendant PERRY ABRISHAMCHI, (referred to herein as "ABRISHAMCHI").

## Jurisdiction

2. Jurisdiction over Count I is conferred upon this Court by Sections 502(a)(3)(B)(ii), 502(d)(1), 502(f) and 502(g) of ERISA, 29 U.S.C. Sections 1132(a)(3)(B)(ii), (d)(1)(f) and (g) and by Section 301(a) of the LMRA, 29 U.S.C. Section 185(a).

3. Jurisdiction over the state law claims is conferred upon this Court pursuant to its supplemental jurisdiction, 28 U.S.C. Section 1367.

## Venue

4. The action is properly venued in this District in that plaintiffs maintain their offices in this District, and this is the District in which defendant ABRISHAMCHI committed acts of fraud.

## Parties

5. Plaintiffs, The New York District Council of Carpenters Pension Fund, New York City District Council of Carpenters Welfare Fund, New York City District Council of Carpenters Vacation Fund, New York City District Council of Carpenters Annuity Fund, New York City District Council of Carpenters Apprenticeship, Journeyman, Retraining, Educational and Industry

Fund and the New York City District Council of Carpenters Charity Fund, are jointly administered employee benefit plans established under Section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. Section 186(c)(5). Plaintiffs Michael J. Forde and Paul O'Brien are representative Trustees of the foregoing Funds. Plaintiff New York City and Vicinity Carpenters Labor-Management Cooperation Corporation is a New York not for profit corporation. Plaintiffs are collectively known as "the Funds".

6. The Funds have their principal places of business at 395 Hudson Street, New York, New York 10014.

7. Upon information and belief, defendant AURASH is a New York corporation with a principal place of business in Brooklyn, New York. Upon information and belief, defendant is an employer in an industry affecting commerce within the meaning of ERISA, Sections 3(5), (11), (12), 29 U.S.C. Sections 1002(5), (11) and (12) and Sections 2 (2), (6) and (7) of the LMRA, 29 U.S.C. Sections 152(2), (6) and (7).

8. Upon information and belief, at all relevant times herein ABRISHAMCHI was president and principal operating officer of AURASH.

9. Upon information and belief, ABRISHAMCHI is or was a resident of the State of New York, County of Nassau.

Count I
As to Defendant AURASH

10. At all relevant times herein, there was in force and effect a collective bargaining agreements ("agreements") by and between The District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America ("District Council") and AURASH.

11. The agreements require AURASH to make contributions to the plaintiffs for each hour worked by carpenters performing covered work to pay for fringe benefits, including but not limited to, medical and hospitalization insurance, pension, annuity and vacation.

12. The agreements provide that AURASH is also bound by all the terms and conditions of the Agreements and Declarations of Trust creating the Funds, as amended, and by all By-Laws adopted to regulate each of the said Funds.

13. Upon information and belief, at all relevant times, AURASH employed workers for whom it was required to make contributions to the Funds.

14. Upon information and belief, AURASH failed to remit contributions and/or failed to remit all contributions required to be paid to the Funds for work performed by its covered employees for the period of 2002 and is delinquent and deficient in the approximate principal sum of $625,539.68

15. Defendant's refusal and failure to remit contributions is a violation of the collective bargaining agreements, and the Agreements and Declarations of Trust and ERISA, and the Funds' collection guidelines.

## Count II
### Common Law Fraud as to Defendant ABRISHAMCHI

16. Plaintiffs repeat and reallege the allegations contained in paragraphs "1" through "15" as if set forth in full herein.

17. Upon information and belief, at times in 2002 ABRISHAMCHI, acting by himself and/or in concert with persons acting under his direction and control, engaged in a concerted and systematic scheme to defraud the Funds of contributions required to be paid on behalf of AURASH's carpenter employees by: (a) paying carpenters, or causing carpenters to be paid in cash and/or "off the books" for the purpose, *inter alia*, of avoiding the required fringe benefit fund contributions to the Funds; (b) submitting and/or communicating, or causing AURASH to submit and/or communicate, false reports and information to the Funds (or its agents) that deliberately omitted covered employees; and (c) other schemes and artifices presently unknown.

18. Upon information and belief, at times in 2002 ABRISHAMCHI, acting by himself and/or in concert with persons acting under his direction and control, engaged and/or participated in a concerted and systematic scheme whereby he caused AURASH to pay cash to its carpenters in violation of the collective bargaining agreement and other documents.

19. Upon information and belief, at times in 2002 ABRISHAMCHI, acting by himself and/or in concert with persons acting under his direction and

control defrauded the Funds by providing reports and information to the Funds that deliberately omitted covered employees for whom contributions were required to be made.

20.   Upon information and belief, at times in 2002, ABRISHAMCHI acting by himself and/or in concert with persons acting under his direction and control submitted shop steward reports to the District Council that deliberately omitted covered employees for whom they knew AURASH was required to make contributions to the Funds.

21.   Upon information and belief, defendant knew the documents and reports of carpenters employed and the hours they worked were false when made.

22.   Upon information and belief, defendant knew the Funds relied upon the representations of hours worked and carpenters employed that were made to the Funds and/or its agents in calculating AURASH's liability for fringe benefit contributions.

23.   The Funds justifiably relied upon the hours reported by AURASH.

24.   Upon information and belief, defendant knew that the District Council had the right to remove Union carpenters from AURASH's job sites for the failure to make contributions to the Funds in accordance with the collective bargaining agreement between AURASH and the District Council.

25.   Upon information and belief, defendant engaged in the scheme to defraud and conceal facts relating to AURASH's failure to remit contributions

for its carpenter employees to the Funds, in whole or in part, because her wrongful taking and/or receipt of money was dependent upon AURASH's continuation of business operations.

26. Upon information and belief, the knowingly false representations by defendant, or other individuals acting under her direction and control, were made for the purpose of deceiving the Funds and forestalling and/or preventing action to enforce AURASH's obligation to make contributions to the Funds, including, but not limited to a shut-down of AURASH's jobs as permitted by the collective bargaining agreement with the District Council.

27. Upon information and belief, ABRISHAMCHI knew that the false representations to the Funds or its agents with respect to hours worked and the number of carpenters employed at the AURASH job sites would result in an unjustified windfall to him.

28. Upon information and belief, ABRISHAMCHI benefited personally from the fraudulent scheme by converting to his own use money that was part of the compensation package of AURASH's carpenter employees, rather than remitting, or causing said funds to be remitted, to the Funds.

29. By reason of the foregoing acts and conduct plaintiffs have been damaged in a sum to be determined at trial, estimated to be the principal sum of $625,538.68.

## Count III
### Punitive Damages as to Defendant ABRISHAMCHI

30. Plaintiffs repeat and reallege the allegations set forth in paragraphs "1" through "29" as if set forth in full herein.

31. Defendant ABRISHAMCHI knew that the deceptive and fraudulent acts and conduct as alleged above would adversely affect the welfare of employees of AURASH and their families who relied upon the Funds for medical and hospital insurance and other benefits.

32. Defendant's acts and conduct were gross, willful, wanton and morally culpable.

33. By reason of the foregoing ABRISHAMCHI is liable for punitive damages.

WHEREFORE, plaintiffs demand judgment against defendants as follows:

(a) As to Count I,

(1) damages in a sum to be determined at trial, estimated to be the principal sum of $625,539.68;

(2) interest, liquidated damages, attorneys fees, and costs, all as provided for in ERISA, Section 502(g), 29 U.S.C. §1132(g);

(b) As to Counts II and III,

(1) damages against ABRISHAMCHI individually in an amount to be determined at trial, estimated to be the principal sum of $625,539.68;

(2) punitive damages against ABRISHAMCHI in a sum three times the damages;

   (3) interest on the foregoing;

   (4) attorneys' fess and costs.

 (d) such other and different relief as the Court deems proper and just.

Dated: New York, New York
    September 5, 2006

         Yours, etc.,

         O'DWYER & BERNSTIEN, LLP

         By: _____
          Andrew GraBois (AG 3192)
         Attorneys for Plaintiffs
         52 Duane Street
         New York, New York 10007
         (212) 571-7100